IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOSUE POLYCARPE,

     Petitioner,

v.                                                      CASE NO. 4:08-cv-439-SPM-GRJ

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Doc. 5, Petitioner's Amended Petition for a Writ
of Habeas Corpus pursuant to 28 U.S.C. § 2254. The Petition stems from Petitioner's
Leon County jury-trial conviction on seven counts of drug-related offenses. Petitioner is
currently incarcerated pursuant to his concurrent sentences: trafficking in cocaine (20
years); conspiracy to sell cocaine (15 years); possession of cannabis with intent to sell
(5 years); possession of drug paraphernalia (30 days); possession of controlled
substance (5 years); possession of cannabis less than 20 grams (30 days); and
possession of contraband in a county detention facility (3 years). Petitioner raises three
claims of ineffective assistance of counsel and one claim regarding the trial court's
dismissal as successive his second and third Fla. Rule Crim. Pro. 3.850 motions for
postconviction relief. Respondent has filed a response and appendix with relevant
portions of the state-court record, and Petitioner has filed a reply to the response.
(Docs. 19, 24.) Upon due consideration of the Amended Petition, the Response, the
Reply, and the state-court record, the undersigned recommends that the Petition be

denied.[1]

## State-Court Proceedings

Petitioner was charged with seven counts of drug-related offenses in connection with his involvement in a conspiracy to transport cocaine and marijuana from Miami to Tallahassee and then package and sell the drugs from two residences.  The conspiracy is alleged to have involved Petitioner and five other individuals.  Two co-felons (Gary Joseph and Irvens Pierre) are serving federal sentences related to the conspiracy.

Petitioner's jury trial, where co-defendant Frantz Pierre was also tried, commenced on January 28, 2004.  At trial, evidence presented showed that on September 12, 2002, police began surveillance of a Patrick Avenue residence where they believed Gary Joseph, Irvens Pierre, Frantz Pierre, Petitioner, and another person resided.  That morning, an Impala registered to Petitioner and Gary Joseph left the residence and met with a Grand Prix registered to Irvens Pierre.  Police followed the Grand Pix to Wal-Mart, where the police stopped and arrested Irvens Pierre and Gary Joseph on outstanding warrants.  Petitioner and Frantz Pierre were later pulled over in the Impala.  A bag of marijuana and cocaine were visible on the front passenger seat of the Impala.  Petitioner and Frantz Pierre were placed under arrest and booked at the Leon County Jail.  A bag of crack cocaine fell out of Petitioner's sock while he was being search at the jail.  Meanwhile, police had executed a search on the Patrick Avenue residence, where they found cocaine, crack cocaine, marijuana, and materials

---

[1]Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted.  *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

associated with packaging controlled substances for sale.  (Exh. B.)

Irvens Pierre testified at Petitioner's trial that he, Petitioner and four other men drove from Miami to Tallahassee in three different cars on or about September 10-11, 2002.  One car contained a "brick" of crack, a "quarter" of coke, and two pounds of marijuana.  Petitioner drove another car and was aware of the drugs in the other car and the plan to sell them.  They arrived at a home on Finner Drive in Woodville, where they attempted to cook the crack cocaine.  Irvens Pierre later went to the Patrick Avenue residence, and he testified that while he and Gary Joseph went to Wal-Mart, Petitioner stopped by the Patrick Avenue residence and then called to say that he was on his way with an ounce of powder cocaine.  (Exh. B, pp. 172-73.)  Gary Joseph testified to similar facts at Petitioner's trial.  (Id. at pp. 193-98.)

Petitioner testified at his trial that he was not involved in a conspiracy to sell drugs with Gary Joseph and Irvens Pierre.  He testified that he rented the Patrick Avenue residence for Gary Joseph and Irvens Pierre because they had outstanding warrants. Petitioner testified that he saw the cocaine which police found in the car after he borrowed the car from Gary Joseph and that on September 12, 2002, he went to the Patrick Avenue residence to return the car but no one answered the door, so he kept the car.  Petitioner admitted to putting crack cocaine in his sock when he was pulled over. (Exh. B, pp. 218-233.)

At the conclusion of trial, the jury returned a verdict finding Petitioner guilty of seven drug related offenses.  Petitioner was sentenced concurrently as follows: trafficking in cocaine (20 years); conspiracy to sell cocaine (15 years); possession of cannabis with intent to sell (5 years); possession of drug paraphernalia (30 days);

possession of controlled substance (5 years); possession of cannabis less than 20 grams (30 days); and possession of contraband in a county detention facility (3 years). He was given credit for 30 days time served.  Petitioner's lowest permissible sentence was 72.15 months and his maximum sentence was 52 years. (Exh. E, pp. 13-14.)

Petitioner appealed his judgment and sentence to the Florida First District Court of Appeal, which *per curiam* affirmed the conviction and sentence on April 1, 2005.  *See Polycarpe v. State,* 898 So. 2d 943 (Fla. 1st DCA 2005).  On direct appeal, appellate counsel filed an amended brief pursuant to *Anders v. California,* 386 U.S. 738 (1967), setting out a statement of the case and facts and representing that he was unable to make a good faith argument that reversible error occurred at trial.  (Exh. F.)  Mandate issued on April 27, 2005.  (Exh. H.)  On April 12, 2005, Petitioner filed a motion for postconviction relief pursuant to Fla. Rule Crim. Pro. 3.850, setting forth three claims of ineffective assistance of trial counsel.  (Exh. I.)  The circuit court denied the motion on August 15, 2005.   (Exh. J.)  No evidentiary hearing was conducted.  Petitioner appealed the circuit court's order to the First DCA, which *per curiam* affirmed on January 9, 2006. (Exh. L); *Polycarpe v. State*, 923 So. 2d 497 (Fla. 1st DCA 2006).  A motion for rehearing was denied (Exh. M) and mandate issued March 30, 2006.  (Exh. N.)

On June 8, 2006, Petitioner filed a second 3.850 motion raising five new claims of ineffective assistance of counsel and one claim of trial court error.  (Exh. O.)  On June 20, 2006, the trial court entered an order dismissing the motion as successive.  (Exh. P.) A motion for rehearing (Exh. Q) was denied (Exh. R.)  Petitioner appealed the order to the First DCA, which *per curiam* affirmed on March 6, 2007.  (Exh. U); *Polycarpe v.*

*State,* 954 So. 2d 1161 (Fla. 1st DCA 2007).  A motion for rehearing (Exh. V) was denied.  (Exh. W.)  Mandate issued on May 18, 2007.  (Exh. X.)

On July 11, 2007, Petitioner filed a third 3.850 motion claiming newly discovered evidence and raising the same claims alleged in his second 3.850 motion.  (Exh. Y.) The trial court dismissed the motion as successive.  (Exh. Z.)  Petitioner appealed the circuit court order to the First DCA, which *per curiam* affirmed on February 14, 2008. (Exh. CC); *Polycarpe v. State*, 977 So. 2d 584 (Fla. 1st DCA 2008).  A motion for rehearing (Exh. DD) was denied.  (Exh. EE.)  Mandate issued on April 14, 2008.

Petitioner next filed a "Motion for Relief from Orders due to Ineffective Assistance of Counsel and Fundamental Error" with the Florida Supreme Court, which the Court treated as a habeas petition and dismissed as unauthorized on August 26, 2008.  (Exh. GG); *Polycarpe v. McNeil,* 991 So. 2d 387 (Fla. 2008).

Petitioner filed the instant federal habeas petition, which Respondent concedes is timely, on September 30, 2008, and an amended petition on November 7, 2008.  (Docs. 1, 5.)  Petitioner asserts four claims: (1) trial counsel was ineffective for failing to pursue a possible defense of independent act; (2) trial counsel was ineffective for failing to object to co-felons' testimony that Petitioner delivered an ounce of cocaine; (3) trial counsel was ineffective for failing to object to the "upward departure from the lowest permissible sentence" and failing to inquire why co-defendant was disparately sentenced; and (4) the trial court erred by summarily denying his second and third postconviction motions as successive.  (Doc. 5.)

Respondent concedes that Petitioner properly exhausted his state court remedies

on all four claims.  Respondent contends that trial counsel was not ineffective under *Strickland* as to Petitioner's first three claims.  Respondent contends that Petitioner's fourth claim of trial court error does not raise a federal constitutional claim and even if it did, the state court's adjudication did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Respondent contends that the petition for writ of habeas of corpus should be denied.  (Doc. 19.)

## Section 2254 Exhaustion Requirement

Before bringing a habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion.  28 U.S.C. § 2254(b)(1), (c).  Exhaustion requires that prisoners give the state courts a "full and fair opportunity" to resolve all federal constitutional claims by "invoking one complete round of the State's established appellate review process."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  The requirement that a federal habeas corpus petitioner exhaust available state court remedies as a prerequisite to federal review is satisfied if the petitioner "fairly presents" his claim in each appropriate state court, alerting that court to the federal nature of the claim.  28 U.S.C. § 2254(b)(1); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971).  A petitioner must "do more than scatter some makeshift needles in the haystack of the state court record"; a reasonable reader should be able to understand the factual and legal bases for the claim.  *McNair v. Campbell*, 416 F.3d 1291, 1297 (11th Cir.2005) (quotations and citations omitted).

When a petitioner fails to properly exhaust a federal claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred under state law, the claim is procedurally defaulted. *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999).  Federal habeas courts are precluded from reviewing the merits of procedurally defaulted claims unless the petitioner can show either (1) cause for the failure to properly present the claim and actual prejudice from the default, or (2) that a fundamental miscarriage of justice would result if the claim were not considered.  *Id.*  at 1302, 1306.  A fundamental miscarriage of justice exists "where a constitutional violation has probably resulted in the conviction of one who is actually innocent."  *Ward v. Hall*, 592 F.3d 1144, 1157 (11th Cir. 2010).  To state a credible claim of actual innocence, a petitioner must present new reliable evidence that was not presented at trial showing that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."  *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

There are two prerequisites to federal habeas review: (1) "the applicant must have fairly apprised the highest court of his state with the appropriate jurisdiction of the federal rights which allegedly were violated," and (2) "the applicant must have presented his claims in state court in a procedurally correct manner."  *Upshaw v. Singletary,* 70 F.3d 576, 578-579 (11th Cir. 1995) (citations omitted).  This means that "a state prisoner seeking federal habeas corpus relief, who fails to raise his federal constitution[al] claim in state court, or who attempts to raise it in a manner not permitted by state procedural rules, is barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default."  *Alderman v. Zant,* 22 F.3d 1541, 1549 (11th

Cir. 1994) (citing *Wainwright v. Sykes*, 433 U.S. 72 (1977)).

Respondent concedes that Petitioner has properly exhausted each of his four claims in the instant habeas petition.  This Court finds that the three claims of ineffective assistance of counsel were properly exhausted in the state courts and accordingly will be addressed on the merits.

However, this Court finds that Petitioner's fourth claim regarding the dismissal of his second and third 3.850 motions as successive was not properly exhausted. Petitioner does not raise a federal constitutional claim as to this issue in the instant habeas petition.  Rather, Petitioner challenges the state court's application of state law, namely, that it did not properly apply Rule 3.850 in dismissing his second and third motions for postconviction relief as successive.  Petitioner appealed both of these dismissals to the First DCA, which affirmed.  Just as Petitioner has failed to raise a federal constitutional claim in the instant habeas petition regarding the dismissal of his second and third motions, he failed to argue any federal issue on either appeal to the First DCA.  Exhaustion of state remedies is a prerequisite to federal review and requires that the federal claims be fairly presented in state court.  28 U.S.C. § 2254(b)(1); *Picard*, 404 U.S. at 275-76.  On the basis of this record, the Court concludes that Petitioner's claims alleging erroneous trial court rulings were not exhausted as federal constitutional claims in the state courts.  Because Petitioner clearly would be barred from now pursuing these claims in state court, they are procedurally defaulted and foreclosed from federal review absent a showing of cause and prejudice or a fundamental miscarriage of justice.  Petitioner makes no claim that he can show cause and prejudice for the default,

and there is nothing in the record that suggests that a fundamental miscarriage of justice would result if the Court does not consider the claims.[2]

Accordingly, the Court will address only the three ineffective-assistance claims in the instant Petition that Petitioner exhausted in the state court by way of his Rule 3.850 motion and appeal.

## Section 2254 Standard of Review

Under 28 U.S.C. § 2254(d)(2), a federal court may not grant a state prisoner's application for a writ of habeas corpus based on a claim already adjudicated on the merits in state court unless that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  Under § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

As to legal findings, a petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1). "[C]learly

---

[2]Even if this claim were properly exhausted, it would fail on the merits.  The trial court dismissed Petitioner's second and third motions for postconviction relief, finding that he could and should have raised the claims in his first motion.  The court also rejected Petitioner's claim that his "newly discovered evidence" was that after being released from close confinement he discovered additional meritorious claims.  The trial court's actions were consistent with Rule 3.850.  *See also Baker v. State,* 878 So. 2d 1236, 1243 (Fla. 2004).  Petitioner has not alleged, and nothing in the record indicates, that the state court's dismissal of his successive motions was contrary to, or an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States.

established Federal law, as determined by the Supreme Court of the United States,"
refers only to holdings (rather than *dicta*) of the Supreme Court, but decisions of lower
federal courts may be considered to the extent that they demonstrate how those courts
applied Supreme Court holdings. *Hawkins v. Alabama,* 318 F.3d 1302, 1309 (11th Cir.
2003) (citations omitted) ("The decisions of other federal circuit courts (and our decisions
for that matter) are helpful to the AEDPA inquiry only to the extent that the decisions
demonstrate that the Supreme Court's pre-existing, clearly established law compelled
the circuit courts (and by implication would compel a state court) to decide in a definite
way the case before them."). *See also, Carey v. Musladin,* 549 U.S. 70, 74-77 (2006) (§
2254 refers to holdings, rather than *dicta,* of the Supreme Court, collecting circuit cases
"[r]eflecting the lack of guidance from this Court," on the issue).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have
independent meanings. *Williams v. Taylor,* 529 U.S. 362, 404-406 (2000); *Bell v. Cone,*
535 U.S. 685, 694 (2002) (citing *Williams* ).  Under the "contrary to" clause, a federal
habeas court may grant the writ if the state court arrives at a conclusion opposite to that
reached by [the Supreme] Court on a question of law or if the state court decides a case
differently than this Court has on a set of materially indistinguishable facts. Under the
"unreasonable application" clause, a federal habeas court may grant the writ if the state
court identifies the correct governing legal principle from this Court's decisions but
unreasonably applies that principle to the facts of the prisoner's case. *Williams,* 529 U.S.
at 412-13. "Avoiding these pitfalls [described in *Williams v. Taylor* ] does not require
citation of our cases-indeed, it does not even require *awareness* of our cases, so long as

neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer,* 537 U.S. 3, 8  (2002) (emphasis in original). Further, "whether a state court's decision was unreasonable must be assessed in light of the record the court had before it." *Holland v. Jackson,* 542 U.S. 649, 652  (2004).

**Ineffective Assistance of Counsel**

Because Petitioner's claims raise the issue of counsel's effectiveness, a review of *Strickland*, is appropriate.   To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy.  *Strickland*, 466 U.S. at 686.  The court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong.  *Id*. at 697.

When, as here, the state courts have denied an ineffective assistance of counsel claim on the merits the standard a petitioner must meet to obtain federal habeas relief is a difficult one.  *Harrington v. Richter*, ___ U.S. ___, 131 S.Ct. 770, 786 (2011).  The standard is not whether an error was committed, but whether the state court decision is contrary to or an unreasonable application of federal law that has been clearly established by decisions of the Supreme Court. 28 U.S.C. § 2254(d)(1).  As the Supreme Court explained, error alone is not enough, because "[f]or purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law." *Harrington*, 131 S.Ct. at 785 (quotation marks omitted).  And "even a strong case for relief does not mean the state court's contrary conclusion was

unreasonable." *Id*. at 786.

When faced with an ineffective assistance of counsel claim that was denied on the merits by the state courts, a federal habeas court "must determine what arguments or theories supported or, [if none were stated], could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id*. So long as fairminded jurists could disagree about whether the state court's denial of the claim was inconsistent with an earlier Supreme Court decision, federal habeas relief must be denied. *Id*. Stated the other way, only if "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents" may relief be granted. *Id*.

Even without the deference due under § 2254, the *Strickland* standard for judging the performance of counsel "is a most deferential one." *Id*. at 788. When combined with the extra layer of deference that § 2254 provides, the result is double deference and the question becomes whether "there is any reasonable argument that counsel satisfied Strickland's deferential standard." *Id*. Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding.

## Petitioner's Claims

Upon an independent review of the trial record and the state court's disposition of these claims, and mindful of the high degree of deference that is afforded to the state court's assessment of the merits of Petitioner's claims, the Court concludes that

Petitioner has presented no basis for federal habeas relief.

**(1) <u>Ineffective assistance of trial counsel regarding independent act defense</u>**

Petitioner contends that trial counsel rendered ineffective assistance by failing to pursue an independent act defense.  Petitioner claims that he did not have knowledge of the illegal nature of the physical evidence obtained from the Patrick Avenue residence and that he withdrew from the criminal enterprise before co-felons Gary Joseph and Irvens Pierre were arrested.  Petitioner argues that he would have been entitled to a jury instruction on the law applicable to his theory of defense.  (Doc. 5.)

The state trial court, in its ruling on Petitioner's first 3.850 motion, addressed this issue.  The state court noted that Petitioner cited *Bryant v. State,* 412 So. 2d 347 (Fla. 1982), "which held that a defendant is entitled to a jury instruction on independent act where there is *sufficient evidence* for a jury to conclude that defendant withdrew from the criminal enterprise before co-felons subsequently committed acts that were outside of and foreign to the original collaboration."  (Exh. J, p. 2.)  The state court found *Bryant*–which involved a felony-murder defendant whose case involved evidence that could show he assisted in a robbery but left prior to the murder of the victim–and similar cases were factually distinguishable from Petitioner's claim.  The state court noted that Petitioner did not specify what co-felons' subsequent acts circumvented the original collaboration, which he claimed was to rent a residence and wire money to Miami.  The state court concluded that "trial counsel was not deficient in not requesting a jury instruction on independent act, and while a failure to investigate a particular defense is a facially sufficient claim, failure to raise a *non-meritorious* defense is not, in and of itself, ineffective assistance of counsel."  (*Id.* at 3.)

Under Florida law, "an independent act occurs when a person other than the defendant commits or attempts to commit a crime, one, which the defendant did not intend to occur, and two, in which the defendant did not participate, and, three, was outside of and not a reasonably foreseeable consequence of the common design or unlawful act contemplated by the defendant." *Calabrese v. State,* 886 So. 2d 396, 398 (Fla. 1st DCA 2004).  A jury instruction on independent act is warranted where there is sufficient evidence to conclude that the above elements could be satisfied.  *See Bryant,* 412 So. 2d at 350.  *See also Boyd v. State,* 912 So. 2d 26 (Fla. 4th DCA 2005).

The record indicates that Petitioner's co-felons Gary Joseph and Irvens Pierre implicated him in the drug operation where drugs were transported from Miami to Tallahassee for packaging and distribution.  Petitioner's own testimony at trial was that he played no role in transporting or selling drugs with any of his co-felons and that he merely rented the Patrick Avenue residence because Gary Joseph and Irvens Pierre had outstanding warrants.  Accordingly, the state court found that trial counsel was not deficient for failing to pursue a non-meritorious defense.  On this record, Petitioner has failed to show that the state court's rejection of this claim on the merits was contrary to, or an unreasonable application of *Strickland.* Accordingly, this claim is denied.

### (2) Ineffective assistance of trial counsel regarding testimony of co-felons

Petitioner contends that trial counsel rendered ineffective assistance by failing to object to the testimony of co-felons Gary Joseph and Irvens Pierre, who testified as to Petitioner's role in the transport of drugs from Miami to Tallahassee and that he delivered an ounce of cocaine.  Gary Joseph testified that Petitioner brought an ounce of cocaine.  Irvens Pierre testified that on the day of their arrests, Petitioner called him to

say that he was delivering an ounce of cocaine.  Petitioner contends that trial counsel should have objected to this testimony because the State had not established the *corpus delicti,* or that the crime of conspiracy had been committed.  (Doc. 5.)

The state court, in ruling on Petitioner's first 3.850 motion, concluded that Gary Joseph's testimony did not contain any extrajudicial statements, so there was no hearsay under the Florida Evidence Code 90.81, and the testimony was properly admitted.  The state court ruled that Irvens Pierre's testimony that Petitioner "called to say that he was on his way with an ounce"  (Exh. J, p. 3; Exh. B, p. 173) was not hearsay as defined by Fla. Evid. C. 90.801 because it was a verbal act.  (Exh. J.)  As to Petitioner's claim that trial counsel should have objected to the testimony because the State allegedly failed to meet its burden regarding conspiracy to sell cocaine, the state court noted that counsel did in fact move for acquittal based on the State's alleged failure to establish a prima facie case of conspiracy.  (Exh. J; Exh. B, pp.210-211.)  The motion for acquittal was denied and later raised on direct appeal.  (Exh. B, p. 213; Exh. K.)

Trial counsel did move for acquittal based on the State's alleged failure to establish a prima facie case of conspiracy.  (Exh. J; Exh. B, pp. 210-211.)  Further, although Petitioner does not raise hearsay as an alternative legal basis for an objection in the instant habeas petition, the state court properly evaluated the statements as admissible, non-hearsay evidence.  As such, this Court cannot conclude that trial counsel rendered ineffective assistance of counsel because he did in fact argue that the State failed to establish a prima facie case of conspiracy and urged the  jury to question

the credibility of the testimony of co-felons Gary Joseph and Irvens Pierre.  Furthermore,

Petitioner does not assert, and there does not appear to be, a legal basis to object to the

challenged testimony.

On this record, Petitioner has failed to show that the state court's rejection of this

claim on the merits was contrary to, or an unreasonable application of *Strickland*.

Accordingly, this claim is denied.

### (3) Ineffective assistance of trial counsel regarding sentencing

Petitioner contends that trial counsel rendered ineffective assistance by failing to

object to the "upward departure from the lowest permissible sentence" and failing to

inquire why co-defendant Frantz Pierre was disparately sentenced.  (Doc. 5.)

Petitioner scored 124.2 total sentence points on his Criminal Punishment Code

scoresheet, calling for a lowest permissible sentence of 72.15 months and a maximum

sentence of 52 years.  (Exh. D.)  At the sentencing hearing, the prosecutor asserted that

Petitioner was at the same level in the conspiracy as his federal co-felons Gary Joseph

and Irvens Pierre (who were both sentenced to 17 to 18 years) and requested a

sentence of 15 years.  Defense counsel argued that the evidence did not show that

Petitioner was at the same level as Gary Joseph and Irvens Pierre and requested the

court to impose the lowest permissible sentence of 72.15 months.  Petitioner was

sentenced to 20 years on the trafficking charge and lesser sentences on the remaining

charges, all to run concurrent.  (Exh. E.)

Petitioner and co-defendant Frantz Pierre were sentenced at the same

sentencing hearing.  Frantz Pierre had only been found guilty of possession charges and

was not found guilty of conspiracy or trafficking.  Frantz Pierre was sentenced to 4 years

on the possession of cocaine count and lesser sentences on the remaining charges, all

to run concurrent.  (Exh. E.)

The state trial court, in rejecting the claim in Petitioner's first 3.850 motion, found

that trial counsel was not deficient because he did request the lowest permissible

sentence and the departure from the lowest permissible sentence was permitted

because Petitioner's primary offense, drug trafficking, qualified for enhancement.

Regarding Petitioner's disparate sentencing claim, the state court noted that Frantz

Pierre was not found guilty of trafficking or conspiracy charges and testimony presented

at the sentencing hearing showed that Frantz Pierre was not at the same level in the

conspiracy as Petitioner.  The state court added that "the degree of sentencing disparity

between codefendants is not per se indicative of ineffective assistance of counsel.  (Exh.

J.) (citing *Larsen v. State,* 693 So. 2d 53 (Fla 4th DCA 1997)).

Petitioner's trial counsel did request the lowest permissible sentence.  Nothing in

the record indicates counsel would have had any legal basis to object to the sentence

because it was more than the lowest permissible sentence or because it was higher than

his co-defendant, who was convicted on lesser charges, had no criminal record, and had

a lower level role in the conspiracy than Petitioner.  Petitioner has failed to show that the

state court's rejection of this claim on the merits was contrary to, or an unreasonable

application of *Strickland.*

## Conclusion

For the foregoing reasons it is respectfully **RECOMMENDED** that the Amended

Petition for a Writ of Habeas Corpus, Doc. 5, be **DENIED,** and that a certificate of

appealability be **DENIED**.

**IN CHAMBERS**  this 20th day of October 2011.


*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge



<u>**NOTICE TO THE PARTIES**</u>

        **A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**